UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

KEVIN SPRINGLE,

|                    | Plaintiff,  | NOTICE OF REMOVAL |

- against -

06cv06  07341

METROPOLITAN TRANSPORTATION AUTHORITY,
NEW YORK CITY TRANSIT,

Defendants.

----------------------------------------------------------------X

**PLEASE TAKE NOTICE** that the defendants Metropolitan Transportation Authority and New York City Transit (collectively, the "TA defendants"), pursuant to 28 U.S.C. §1446, hereby remove this action from the Supreme Court of the State of New York, New York County (Index No. 116175/05) to the United States District Court, Southern District of New York.  This Court, the United States District Court, Southern District of New York, is the district in which the action has been pending.

The ground for removal of the action to this Court is that the complaint raises federal questions, including allegations that defendants violated Title VII of the Civil Rights Act, 42 U.S.C. §2000-e et seq., and 42 U.S.C. §1981 (Complaint, paragraphs "2" and "4" as well as and the Seventh, Eighth and Ninth Causes of Action).  (Copies of the summons and complaint in the State Court action are annexed hereto.)

The TA defendants received the summons and complaint in this action on January 13, 2006, making this Notice of Removal timely.


Dated:      Brooklyn, New York
            January 31, 2006


                                    Yours, etc.


                                    *Robert K. Drinan*

                                    **ROBERT K. DRINAN** (RKD 1347)
                                    Office of the General Counsel
                                    New York City Transit Authority
                                    Attorney for Defendants
                                    130 Livingston Street - 12th Floor
                                    Brooklyn, New York  11201
                                    (718) 694-3892


To:    Gregory R. Preston, Esq.
       Preston, Wilkins & Martin, PLLC
       Attorney for Plaintiff
       65 Broadway – Suite 508
       New York, New York 10006



       Attach. (Summons and Complaint)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------X

KEVIN SPRINGLE,

                                 Plaintiff,

              -against-

METROPOLITAN TRANSPORTATION
AUTHORITY, NEW YORK CITY TRANSIT,

                            Defendants.

--------------------------------------------------------------X

Index No.: 116175/05

**SUMMONS**
Date Purchased 11/18/05

Plaintiff's residence:
1462 Sutter Ave.
Brooklyn, NY 11208

*Basis of venue:*
Place where cause of
action arose

**PERSONAL SERVICE**

TO THE ABOVE NAMED DEFENDANT METROPOLITAN TRANSPORTATION AUTHORITY:

        ***YOU ARE HEREBY SUMMONED*** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of the summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: November 16, 2005

TO:     **Metropolitan Transportation Authority**
        ~~2 Broadway, 16th Floor~~
        ~~New York, New York 10004~~

        130 Livingston St.
        Bklyn, NY

Yours, etc.

Gregory R. Preston, Esq.
PRESTON WILKINS & MARTIN PLLC
Attorney for Plaintiff
65 Broadway, Suite 508
New York, New York 10006
(212) 809-0000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

```
                                                    MTA NYC TRANSIT
                                                    LAW DEPARTMENT
                                                    2006 JAN 13  PM 3: 06
                                                        RECEIVED
                                                    CLAIMS PROCESSING
```

---

KEVIN SPRINGLE

Plaintiff.

-vs-

METROPOLITAN TRANSPORTATION
AUTHORITY. NEW YORK CITY TRANSIT.

Defendant.

Index No.: 116178/05

Date Purchased: 11/18/05

**COMPLAINT**

---

Plaintiff Kevin Springle, by his attorneys Preston Wilkins & Martin PLLC, 65 Broadway, Suite 508. New York. New York 10006 complains of the Defendant and says:

## PRELIMINARY STATEMENT

1.  This action is brought pursuant to New York State Human Rights Law, Article 15, of the New York Executive Law ("N.Y. Human Rights Law")and Title 8 of the Administrative Code of the City of New York, New York City Human Rights Law ("NYC Human Rights Law").

2.  This action is also brought pursuant to Title VII of the Civil Rights Acts of 1964 and 1991, as amended. 42 U.S.C. § 2000e et seq. ("Title VII") and 42 U.S.C. Section 1981.

## PARTIES

3.  Plaintiff Kevin Springle is a male African American citizen of the United States of America. and resident of the County of Kings. address 1462 Sutter Avenue, Brooklyn. New York 11208.

4.  Defendant Metropolitan Transportation Authority. New York City Transit ("MTA"). is an employer within the meaning of the NY Human Rights. NYC Human Rights Law. and Title VII.

# FACTUAL ALLEGATIONS

5.   Kevin Springle was hired by the MTA in 1985 as a Signal Helper, in the Maintenance of Way department of the MTA.

6.   As an employee of the MTA, Mr. Springle received favorable employee evaluations, raises and promotions.

7.   In 2002, Mr. Springle was promoted to the title of Superintendent, in the Rapid Transit Investigations, Office of System Safety department.

8.   In September 2003, Patrick Lavin became Mr. Springle's supervisor.

9.   In December 2003, Patrick Lavin gave Mr. Springle a Managerial Performance Review, despite only having been Mr. Springle's supervisor for approximately three months.

10.   Mr. Lavin indicated that Mr Springle's "Team and Interpersonal Skills" were Marginal.

11.   Mr. Springle objected to the review and indicated that he believed his review should have been conducted by Mr. Dennis Lynch, to whom Mr. Springle reported prior to Mr. Lavin becoming his supervisor.

12.   In March 2004, I was sent to a Managerial Core Training class. Mr. Lavin advised that everyone in the group was to be sent to the training class. Upon information and belief, Mr. Springle was the only Superintendent sent to the training.

13.   In October 2004, Mr. Springle alleged that Patrick Lavin was treating him different from the rest of his co-workers and that the treatment was based upon his race. Mr. Lavin is Caucasian and three of the four other superintendents are also Caucasian.

14.   Specifically, Mr. Springle alleged the following:

a.             Mr. Lavin gave him an unfair performance review having only supervised me for three months;

b.             Mr. Springle was the only superintendent directed to attend the Managerial Core Training class;

c.             Mr. Lavin has excluded Mr. Springle from staff meetings, although he specifically requested to be included;

d.       Mr. Lavin attempted to change MTA's policies and procedures in direct response to Mr. Springle calling in sick;

e.       When Mr. Springle speaks with Mr. Lavin he says "time out", cuts him off and makes his point; and

f.       Mr. Lavin only reads my draft reports in the bathroom.

15.    In October 2004, Mr. Springle met with Cheryl Kennedy, Vice President of the MTA Office of System Safety, Ron Alexander, James Blomfield, William Walter, and Pat Lavin ( Mr. Springle objected to Pat Lavin being present. Over Mr. Springle's objection, Mr. Lavin was allowed to stay for the meeting). During the course of that meeting, Mr. Springle's claims of unfair treatment were discussed and it appeared that Ms. Kennedy was attempting to resolve the issues. At the conclusion of that meeting, Ms. Kennedy asked Mr. Springle what department did he want to move to?

16.    In November 2004, Ms. Kennedy again asked Mr. Springle what department, he wanted to go to. Mr. Springle advised that he did not want to leave the department.

17.    In November 2004, Mr. Springle filed a complaint of discrimination with the MTA's Equal Employment Opportunity Office. Mr. Springle's complaint incorporated the above referenced allegations and charges of different treatment.

18.    In January 2005, Patrick Lavin filed a complaint of discrimination with the MTA's Equal Employment Opportunity Office. Mr. Lavin alleged that Mr. Springle subjected him to racial harassment and created a hostile work environment.

19.    On June 16, 2005, I received a letter from Naeem Din, Deputy Director, EEO Compliance advising that "there is no reasonable cause to believe" that Mr. Springle was subjected to conduct that violates NYCT's Equal Employment Policy.

20.    On June 17, 2005, Mr. Springle received a letter from Naeem Din, Deputy Director, EEO Compliance advising that "there is no reasonable cause to believe that" Mr. Springle subjected Mr. Lavin to conduct that violates MTA NYCT's Equal Employment Opportunity Policy.

21.    In or about June 30, 2005, Mr. Springle received Notice of Disciplinary Charges. Mr. Springle was charged with gross misconduct and conduct unbecoming a Transit Manager.

Specifically, it was alleged that Mr. Springle "filed a report [he] knew or had reason to know was a false report alleging that another manager had subjected him to discrimination."

22. Prior to his complaint against Mr. Lavin, Mr. Springle had not in his nineteen years with the MTA, previously filed a charge of discrimination against any other individual at the MTA.

23. Notwithstanding that MTA's EEO office similarly concluded that there was no reasonable cause for Mr. Springle's complaint or Mr. Lavin's complaint, Mr. Springle was the only individual subjected to disciplinary charges.

24. Additionally, Mr. Springle was the only person that was reassigned, removed from his position and demoted.  position.

25. On July 29, 2005, Mr. Springle received the Step I Decision from William Walter, Director of Investigations, Office of System Safety.  Mr. Walter's concluded that Mr. Springle engaged in the misconduct charged. Mr. Walter recommended that Mr. Springle be demoted to the position of Associate Railroad Signal Specialist.

26. Mr. Springle timely filed an appeal of that decision.

27. In or about September 2005, Cheryl Kennedy affirmed the decision of William Walter and demoted Mr. Springle.

## FIRST CAUSE OF ACTION

28. Plaintiff repeats and realleges the averments of paragraph 1-27 herein.

29. Plaintiff is informed and believes, and therefore avers, that non minority employees are not subject to the disparate treatment as discussed above.

30. By reason of the foregoing, Defendant has deprived Plaintiff certain benefits, privileges, terms and conditions of employment, in violation of NY Human Rights Law, by discriminating against Plaintiff and subjecting him to disparate treatment because he is an African American.

31. As a result of Defendant's actions, Plaintiff suffered humiliation and emotional distress.

32. By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

## SECOND CAUSE OF ACTION

33. Plaintiff repeats and realleges the averments of paragraph 1-27 herein.

34.  Plaintiff was subject to disparate treatment in retaliation for his complaints of harassment and disparate treatment to the Defendant.

35.  By reason of the foregoing, Defendant has deprived Plaintiff certain benefits, privileges, terms and conditions of employment, in violation of N.Y. Human Rights Law, by retaliating against Plaintiff for his complaints of harassment and disparate treatment.

36.  As a result of Defendant's actions, Plaintiff suffered humiliation and emotional distress.

37.  By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

## THIRD CAUSE OF ACTION

38.  Plaintiff repeats and realleges the averments of paragraph 1-37 herein.

39.  Plaintiff was subject to disparate treatment, harassment and a hostile work environment due to his race.

40.  By reason of the foregoing, Defendant has deprived Plaintiff certain benefits, privileges, terms and conditions of employment, in violation of N.Y. Human Rights Law, by subjection Plaintiff to disparate treatment, harassment and a hostile work environment due to his race.

41.  As a result of Defendant's actions, Plaintiff suffered humiliation and emotional distress.

42.  By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

## FOURTH CAUSE OF ACTION

43.  Plaintiff repeats and realleges the averments of paragraph 1-27 herein.

44.  Plaintiff is informed and believes, and therefore avers, that non minority employees are not subject to the disparate treatment as discussed above.

45.  By reason of the foregoing, Defendant has deprived Plaintiff certain benefits, privileges, terms and conditions of employment, in violation of NYC Human Rights Law, by discriminating against Plaintiff and subjecting him to disparate treatment because he is an African American.

46.  As a result of Defendant's actions, Plaintiff suffered humiliation and emotional distress.

47.  By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

## FIFTH CAUSE OF ACTION

48. Plaintiff repeats and realleges the averments of paragraph 1-27 herein.

49. Plaintiff was subject to disparate treatment in retaliation for his complaints of harassment and disparate treatment to the Defendant.

50. By reason of the foregoing, Defendant has deprived Plaintiff certain benefits, privileges, terms and conditions of employment, in violation of NYC Human Rights Law, by retaliating against Plaintiff for his complaints of harassment and disparate treatment.

51. As a result of Defendant's actions, Plaintiff suffered humiliation and emotional distress.

52. By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

## SIXTH CAUSE OF ACTION

53. Plaintiff repeats and realleges the averments of paragraph 1-37 herein.

54. Plaintiff was subject to disparate treatment, harassment and a hostile work environment due to his race.

55. By reason of the foregoing, Defendant has deprived Plaintiff certain benefits, privileges, terms and conditions of employment, in violation of NYC Human Rights Law, by subjection Plaintiff to disparate treatment, harassment and a hostile work environment due to his race.

56. As a result of Defendant's actions, Plaintiff suffered humiliation and emotional distress.

57. By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

## SEVENTH CAUSE OF ACTION

58. Plaintiff repeats and realleges the averments of paragraph 1-27 herein.

59. Plaintiff is informed and believes, and therefore avers, that non minority employees are not subject to the disparate treatment as discussed above.

60. By reason of the foregoing, Defendant has deprived Plaintiff certain benefits, privileges, terms and conditions of employment, in violation of Title VII, by discriminating against Plaintiff and subjecting him to disparate treatment because he is an African American.

61. As a result of Defendant's actions, Plaintiff suffered humiliation and emotional distress.

62. By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

## EIGHTH CAUSE OF ACTION

63. Plaintiff repeats and realleges the averments of paragraph 1-27 herein.

64. Plaintiff was subject to disparate treatment in retaliation for his complaints of harassment and disparate treatment to the Defendant.

65. By reason of the foregoing, Defendant has deprived Plaintiff certain benefits, privileges, terms and conditions of employment, in violation of Title VII, by retaliating against Plaintiff for his complaints of harassment and disparate treatment.

66. As a result of Defendant's actions, Plaintiff suffered humiliation and emotional distress.

67. By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

## NINTH CAUSE OF ACTION

68. Plaintiff repeats and realleges the averments of paragraph 1-37 herein.

69. Plaintiff was subject to disparate treatment, harassment and a hostile work environment due to his race.

70. By reason of the foregoing, Defendant has deprived Plaintiff certain benefits, privileges, terms and conditions of employment, in violation of Title VII, by subjection Plaintiff to disparate treatment, harassment and a hostile work environment due to his race.

71. As a result of Defendant's actions, Plaintiff suffered humiliation and emotional distress.

72. By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

WHEREFORE, the Plaintiff prays the Court that:

1. Plaintiff recover damages from the Defendant;

2. Plaintiff recover from the Defendant the reasonable costs of attorneys fees incurred in the prosecution of this action;

3. All issues herein be determined by a jury;

4. The Court grant such other and further relief to which it deems Plaintiff justly entitled.

Dated: November 7, 2005

Gregory R. Preston
Preston Wilkins & Martin PLLC
65 Broadway, Suite 508
New York, New York   10006
212-809-0000

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
                        ) ss.:
COUNTY OF KINGS )

**JANET GEORGE** being duly sworn, deposes and says:

I am an employee of the New York City Transit Authority, in the office of Martin B. Schnabel, Attorney for plaintiff. On the 31st day of January, 2006, I served the annexed **NOTICE OF REMOVAL** upon:

> Gregory R. Preston, Esq.
> Preston, Wilkins & Martin, PLLC
> Attorney for Plaintiff
> 65 Broadway – Suite 508
> New York, New York 10006

by depositing a true copy of the same securely enclosed in a post-paid envelope, in a Post Office Box regularly maintained by the United States Government at 130 Livingston Street, Brooklyn, NY 11201 directed to the attorney at the above designated address.

_____
**JANET GEORGE**

Sworn to before me this
31st day of January, 2006

_____
**Notary Public**

ROBERT K. DRINAN
Notary Public, State of New York
No. 24-4711805
Qualified in Kings County
Commission Expires June 30, 2006